**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHAEL P. O'TOOLE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2627 |
| | § | |
| CITY OF FRIENDSWOOD and | § | |
| JIMMY HOLLAND, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Michael P. O'Toole filed this lawsuit against the City of Friendswood and Jimmy Holland. The case is now before the Court on Defendant Holland's Motion to Compel Rule 7(a) Reply [Doc. # 4], to which Plaintiff filed a Response [Doc. # 7], and Holland filed a Reply [Doc. # 8]. Based on the Court's review of the full record in this case and the application of controlling legal authorities, the Court **grants** Holland's Motion and requires Plaintiff to file a Rule 7(a) reply.

## I.    FACTUAL ALLEGATIONS

Plaintiff, a patrol officer with the City of Friendswood, alleges that he requested leave under the Family Medical Leave Act ("FMLA") shortly before his wife gave birth to twins. Plaintiff alleges that when he returned to work approximately two months later, he had been assigned to a different vehicle and his work tools had been taken.

Plaintiff alleges that he was investigated by the City of Friendswood for failing to give proper notification prior to taking FMLA leave, that he was placed on a "Remedial Action Plan," that he was written up for "petty and ridiculous items," and that he was given "standard" and "below standard" ratings on his annual evaluation.  Plaintiff's employment was terminated on July 30, 2004.

Plaintiff alleges that he was given a form F-5 which was completed with false information by Defendant Holland.  Based on this F-5 form, Plaintiff asserts a libel claim against Defendant Holland.

## II.   ANALYSIS

Defendant Holland, sued in his individual capacity, has asserted a qualified immunity defense to Plaintiff's libel claim against him.  Qualified immunity protects a defendant not only from liability, but also from the burdens of discovery and trial. *Mitchell v. Forsyth*, 472 U.S. 511, 524-30 (1985).

An officer sued in his individual capacity is protected by qualified immunity unless his actions violated a constitutional right clearly established at the time of the conduct.  *See Sanchez v. Swyden*, 139 F.3d 464, 466 (5th Cir. 1998).  The plaintiff bears the burden of negating the defendant's claim of qualified immunity.  *See Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994).  When a plaintiff files a conclusory complaint in a case in which a qualified immunity defense is raised, a

district court can require the plaintiff to file a reply under Rule 7(a) of the Federal Rules of Civil Procedure. *See Shultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995)(*en banc*).

The Fifth Circuit has noted that "vindicating the immunity doctrine" will ordinarily require a Rule 7(a) reply, and a district court's discretion not to require one "is narrow indeed when greater detail might assist." *Id.* at 1434. The Rule 7(a) reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id.* at 1433. The reply must contain factual allegations that focus "specifically on the conduct of the individual who caused the plaintiff['s] injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Moreover, the Rule 7(a) reply must include "detailed facts supporting the contention that the plea of immunity cannot be sustained." *Warnock v. Pecos County*, 116 F.3d 776, 779 (5th Cir. 1997).

In this case, Plaintiff originally failed to attach a copy of the F-5 form on which he bases his libel claim against Holland, but he attached a copy of the form to his Response to Holland's motion. Plaintiff persists, however, in his failure to identify with any specificity the person or persons to whom he alleges Holland published the F-5 form. Plaintiff has also failed to allege facts which, if proved, would show that any publication of the F-5 form by Holland was not privileged. Defendant and the Court need this factual detail in order, respectively, to present and to evaluate the qualified

immunity defense. Therefore, the Court requires Plaintiff to file a Rule 7(a) reply addressing these issues.

## III.   <u>CONCLUSION AND ORDER</u>

Defendant Holland has asserted a qualified immunity defense to Plaintiff's libel claim. Defendant Holland is entitled to, and the Court requires, additional factual detail from Plaintiff in connection with this defense. Accordingly, it is hereby

**ORDERED** that Defendant Holland's Motion to Compel Rule 7(a) Reply [Doc. # 4] is **GRANTED**. On or before **January 12, 2006**, Plaintiff shall file a reply pleading facts to support his libel claim against Holland, specifically (a) the identity of the person or persons to whom he alleges Holland published the F-5 form, and (b) facts demonstrating the non-existence of any privilege for the allegedly defamatory statement, including facts showing whether Holland published the F-5 in his capacity as a City of Friendswood officer and whether Holland knew of, or acted in reckless disregard of, any falsity in the F-5 form. If Plaintiff's counsel does not file the Rule 7(a) Reply electronically, he must deliver a courtesy copy to chambers by the January 12, 2006 deadline.

SIGNED at Houston, Texas, this **13th** day of **December, 2005.**

Nancy F. Atlas
United States District Judge